United States District Court
Southern District of Texas
ENTERED
August 25, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| KATIA VILLANUEVA-VALDEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-453 |
| | § | |
| WARDEN CORECIVIC LAREDO PROCESSING CENTER *et al.* | § | |
| | § | |

**ORDER**

On July 8, 2026, the Court entered final judgment in this immigration-related habeas proceeding (Dkt. No. 23). It concurrently entered an Order, finding Petitioner was entitled to a bond hearing[1] if they were detained under 8 U.S.C. § 1225(b)(2)(A) for ninety or more days (Dkt. No. 22 at 1). Respondents assert that Petitioner is detained under § 1225(b)(1), such that the Court's Order has no direct impact on them (Dkt. Nos. 9 at 4–5; 24 at 1–2). Without commenting on the merits, the Court agrees its final judgment was entered in oversight.

Federal Rule of Civil Procedure 60(a) authorizes courts to correct mistakes *sua sponte* absent the presence of a pending appeal. While Rule 60(a)'s scope is limited, clerical mistakes and mistakes "arising from oversight or omission" fall within its ambit. *See Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193 (5th Cir. 2011) (citations omitted). Typically, courts look at three criteria: (1) the nature of the mistake; (2) the district court's intent in entering the original judgment; and (3) the effect of the correction on the parties' substantial rights. *Id.*

The Court's entry of final judgment stemmed from the mistaken belief that

[1] *Rodriguez v. Ortega*, 180 F.4th 702, 727 (5th Cir.), *reh'g en banc granted, opinion vacated sub nom. Sosnava Rodriguez v. Ortega*, 181 F.4th 608 (5th Cir. 2026).

Respondents' detention authority rested solely in § 1225(b)(2)(A) (Dkt. Nos. 9, 24). That is apparently not the case, because Respondents contend Petitioner is subject to mandatory detention under § 1225(b)(1) (Dkt. No. 9 at 4–5). Further, the final judgment explicitly stated: "All relief not expressly provided in the Court's Order is **DENIED**" (Dkt. No. 22 at 2). Section 1225(b)(1) is not mentioned anywhere in the Court's Order, nor did the Court purport to find any constitutional violation associated with that provision (Dkt. No. 22). The Court's intent was thus clear: final judgment was proper only if Petitioner was detained under § 1225(b)(2)(A). *See Rivera*, 647 F.3d at 195 ("A district court's authority under Rule 60(a) is also limited to making corrections that are consistent with the court's intent at the time it entered the judgment.").

The mistake also derived from the "unfortunate result of this Court's exceptional workload" with **<u>hundreds</u>** of habeas petitions currently on its docket. *See Pollock v. Am. Endowment Found.*, No. 4:24-CV-669, 2025 WL 3525957, at *5 (E.D. Tex. Dec. 9, 2025). With the Fifth Circuit's guidance, the Court sought to expeditiously resolve Petitioner's habeas proceeding—by entering final judgment *mere days* after the *Rodriguez* opinion was published and following a holiday weekend. Though such judicial errors are contemplated in the Federal Rules of Civil Procedure, the Court prides itself on curtailing these discrepancies. In all, this mistake is of the kind that Rule 60(a) was designed to correct. *See In re Am. Precision Vibrator Co.*, 863 F.2d 428, 431–32 (5th Cir. 1989) (noting that Rule 60(a) is a vehicle to remedy an intentionally filed order that was the direct result of a clerical error); *In re McLaughlin*, No. 10-35641-SGJ-7, 2022 WL 2134756, at *6 (Bankr. N.D. Tex. June 8, 2022) ("Rule 60(a) is used properly when the correction to be made makes the judgment or record speak the truth rather than something other than

what was originally pronounced." (citation modified) (citation omitted)).

In the "long-held power of courts to grant relief from their own judgment," the Court **VACATES** and **RESCINDS** its previous Order and the final judgment in this matter (Dkt. Nos. 22, 23). *In re Am. Precision Vibrator*, 863 F.2d at 430.

The Clerk of Court is **DIRECTED** to **REOPEN** this Civil Action. The Court has Petitioner's Writ of Habeas Corpus under advisement.

It is so **ORDERED**.

**SIGNED** August 25, 2026.

Marina Garcia Marmolejo
United States District Judge